[Civ. No. 3830.  First Appellate District, Division Two.—June 7, 1921.]

COALINGA MOHAWK OIL COMPANY (a Corporation), Appellant, v. R. H. HERRON CO. (a Corporation), et al., Respondents.

[1] CONTRACTS—ALLEGED BREACH — ACTION TO RECOVER DAMAGES — PLEADING.—In an action to recover damages for alleged breach of a contract to sell and deliver certain oil-well casing, where the complaint omits a specific proviso clause relating to delivery, the defendant may rest its defense upon a denial of such a contract, and is not required to set forth in its answer the full contract entered into with the plaintiff and then set forth the facts upon which it relies to excuse performance of the contract so pleaded.

[2] ID.—EXISTENCE OF CONTRACT—EVIDENCE—FINDING.—In this action for damages for alleged breach of a contract to sell and deliver certain oil-well casing, the finding of the trial court that the contract pleaded was never entered into was amply supported by the evidence, and such finding was in itself sufficient to warrant the judgment in favor of the defendant.

[3] ID.—EXCUSE FOR NONPERFORMANCE—EVIDENCE—FINDING.—In this
action for damages for alleged breach of a contract to sell and
deliver certain oil-well casing, in which the defendant denied the
execution of the contract pleaded in the complaint and set forth
*in haec verba* the full contract entered into between the parties,
which contained the specific proviso: "We cannot guarantee de-
liveries, but have promise for shipment as near to the dates you
mention as it is possible for the mill to ship. We will do all we
possibly can to have the goods shipped," and then set forth facts
upon which it relied to excuse performance of the contract so
pleaded, the evidence was sufficient to support the trial court's
finding as to the facts relied upon by the defendant to excuse
performance of the contract, and that finding was sufficient to
sustain the judgment in defendant's favor.

[4] ID.—DAMAGES—IMMATERIAL FINDINGS.—In such action, no dam-
ages being recoverable, conflict in the findings in reference to the
damage suffered and failure to find on the issue of special damage
are alike immaterial.

APPEAL from a judgment of the Superior Court of Los
Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Durbrow, F. B. Austin and W. I. Gilbert for Ap-
pellant.

Geo. Whitaker and R. W. Kemp for Respondents.

NOURSE, J.—Plaintiff appeals from a judgment in favor
of defendants in a suit to recover damages for breach of
contract. The complaint alleged that on the fifth day of
March, 1917, plaintiff and defendants entered into a writ-
ten contract whereby defendants agreed to sell to plaintiff
and plaintiff agreed to purchase from defendants certain
quantities of oil-well casing and that defendants agreed to
make deliveries thereof on certain specified dates. It was
then alleged that defendants had failed to make deliveries,
that the price of such casing had greatly increased over the

3. Rights of parties to contracts the performance of which is
interfered with or prevented by war conditions or acts of govern-
ment in prosecution of war, notes, Ann. Cas. 1918A, 14; Ann. Cas.
1918C, 398; 3 A. L. R. 21; 9 A. L. R. 1509; 11 A. L. R. 1429; 15
A. L. R. 1512.

price fixed in the contract; that when the contract was executed the defendants knew that plaintiff intended to use the casing for the purpose of drilling oil wells; and that by reason of the failure in delivery of the casing plaintiff had been damaged to the extent of $102,660, segregated as follows: Increased cost of casing $12,350; interest on other equipment purchased by plaintiff but remaining idle on account of failure to deliver casing $1,750; anticipated profits from oil wells if they had been sunk as contemplated $88,560.

Demurrers to the complaint were overruled and separate answers were filed by each defendant. The Oil Well Supply Company denied the execution of any contract with plaintiff, and as the trial court found in accordance with this denial, this defendant may be dismissed from further consideration. The defendant R. H. Herron Co. denied the execution of the contract pleaded in the complaint and set forth *in haec verba* the full contract entered into between the parties; it then set forth facts upon which it relied to excuse performance of the contract so pleaded.

Consideration should first be given to the pleadings. If the plaintiff had fully pleaded the contract which was in fact executed, without any further allegation than those appearing in its complaint, the action would have fallen on demurrer. By an incomplete statement of the transaction plaintiff was able to put forth a complaint for breach of contract to deliver certain specified quantities of casing on specific dates, whereas the contract actually made contained the specific proviso: "We cannot guarantee deliveries, but have promise for shipment as near to the dates you mention as it is possible for the mill to ship. We will do all we possibly can to have the goods shipped." This is far different from the contract pleaded by plaintiff "that defendants agreed to deliver 3500 feet of . . . casing on October 1, 1917; 3500 feet . . . on January 1, 1918," etc.

Plaintiff failed to sustain the allegations of its complaint that the contract pleaded was either executed or breached. [1] The defendant could have rested upon its denial of the execution of such a contract. [2] The finding of the trial court that the contract pleaded was never entered into was amply supported by the evidence and is in itself sufficient to warrant an affirmance of the judgment.

[3]  However, the defendant R. H. Herron Co. elected to go further and put in issue another contract and alleged facts to excuse its failure to perform it. This issue was tried and the bulk of the testimony related to the circumstances surrounding the transaction between the parties and the conditions which prevented said defendant from making the deliveries at the time requested by plaintiff.

In this connection evidence was offered to prove that this particular kind of casing could be procured from a single manufacturer in Pittsburg, Pennsylvania; that about the time the contract was executed the United States government placed large orders with this concern for war materials; that such orders had precedence over all other orders from private concerns, both as to manufacture in the mills and transportation over railroad lines; that defendant R. H. Herron Co. did not neglect or refuse to deliver the casing described, but did all in its power reasonably to procure shipment and make deliveries as requested by plaintiff.

The court found these facts to be true. The finding is supported by the evidence and is sufficient to sustain the judgment. [4] The alleged conflict in the findings in reference to the damages suffered and the failure to find on the issue of special damages are alike immaterial, since no damages were recoverable.

The judgment is affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.